**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Caine Gaddis,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-11-1769-PHX-PGR (JFM)<br><br>**Report & Recommendation<br>on Motion to Stay** |

Under consideration is Petitioner's Motion to Stay Writ of Habeas Corpus, filed March 28, 2012 (Doc. 12). Petitioner seeks a stay of consideration of his habeas petition, arguing that "there are many more issues that need to be addressed" but noting his obligation to first exhaust his state remedies on those claims. Respondents have not responded to the motion.

Because the disposition of the motion could be dispositive of some of Petitioner's claims, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**Standards for Motions to Stay** – Motions to stay to permit exhaustion of state remedies are subject to two disparate standards, dependent upon the status of exhaustion of the existing petition.

<u>Rhines</u>: Stay of Mixed Petitions - In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that consideration of a petition containing unexhausted claims could

be stayed pending exhaustion of state remedies, but only in limited circumstances:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

544 U.S. at 277. Thus, a stay of such a petition requires good cause for the failure to exhaust, and a finding of some merit.

*Kelly:* Stay of Fully Exhausted Petitions – Prior to *Rhines*, in *Kelly v. Small,* 315 F.3d 1063 (9th Cir.2003), the Ninth Circuit had established a three step procedure whereby a state habeas petitioner could stay consideration of his petition containing unexhausted claims.

> Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

*King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

In *King,* the Ninth Circuit held that the three step procedure outlined in *Kelly* "remains available after the Supreme Court's decision in *Rhines*," *id.*, "because it does not leave a mixed petition pending, does not sanction any exception to [the exhaustion requirement] and so does not present the same dangers of abuse," *id.* at 1140. They observed that the pendency of the federal petition did not toll the statute of limitations, meaning subsequently added (or re-added) claims had some likelihood of being untimely, and thus the *Kelly* procedures were unlikely to be abused. *Id.* at 1141.

The *King* court also recognized that a stay under *Kelly* was not an extraordinary

2

procedure that impinged upon the exhaustion rule, but was merely "in part an exercise of litigants' usual prerogative…to amend complaints if they can do so to make them cognizable in federal court, and in part an exercise of the equally normal discretion of federal courts to control the timing of decision in cases pending before them." *Id.* at 1141. Thus, no extraordinary showing of "good cause for failure to exhaust" was required.

**Status of Present Petition** – Petitioner's original Petition (Doc. 1) was dismissed with leave to amend on the basis that petitioner had failed to assert any federal grounds for relief. (Order 12/8/11, Doc. 5.) Petitioner's present First Amended Petition, filed December 21, 2011 (Doc. 6) attacks his November 9, 2010 conviction in Maricopa County Superior Court for money laundering. Petitioner asserts four grounds for relief including claims that: (1) the plea agreement was accepted after expired and was factually inaccurate; (2) ineffective assistance of counsel; (3) lack of jurisdiction. Petitioner asserts he filed a direct appeal, which was dismissed as untimely, and asserts no post-conviction relief proceedings. Respondents have not yet responded to the Petition, and the due date for a response is May 21, 2012. (Order 4/12/12, Doc. 14.)

**Motion to Stay** – Given the absence of any timely state review, it appears that all of Petitioner's present claims must be unexhausted. Thus, the procedure in *Rhines* would appear to apply.

Good Cause - Petitioner's motion offers no clear indication of good cause for his failure to previously exhaust his state remedies. Petitioner does complain that he is untrained, *pro se*, and subject to limited legal resources. However, those complaints relate to his present circumstances in seeking to exhaust his state remedies now, not earlier. Petitioner does not address why, as a pleading Arizona defendant, he did not

seek appointment of post-conviction relief counsel in the state courts, which would have avoided the problems of his *pro se* status. See Ariz.R.Crim.Proc. 32.4(c)(2) (governing appointment of counsel in PCR proceedings of-right for pleading defendants). Thus, the undersigned finds no basis in the current motion for a finding of good cause for failure to properly exhaust.

<u>Viability of Claims</u> - Moreover, Petitioner's motion fails to identify the claims he hopes to exhaust and subsequently add for consideration. *Rhines* requires a finding that the proposed new claims are not "plainly without merit." Moreover, a proper exercise of discretion under *Kelly* would call for some suggestion on the record that the claims to be exhausted and subsequently added had sufficient merit and likelihood of success in light of any applicable procedure defenses, to merit the delay in the litigation.

It would appear that any claims now submitted by Petitioner would be barred by the habeas statute of limitations. Under 28 U.S.C. § 2244(d), a state habeas petitioner normally has only one year from the conclusion of direct review to file his habeas petition. Here, Petitioner's direct appeal was apparently dismissed as untimely (Amend. Petition, Doc. 6 at 2). It would appear, therefore that Petitioner's one year would have begun running when his time to seek timely review expired. For an Arizona pleading defendant, his PCR of-right is functionally direct review, and must be sought within 90 days after judgment. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). Thus Petitioner's one year would have begun running on February 7, 2011, and expired on February 7, 2012.

His untimely direct appeal would not have tolled the running of the statute. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (when a state petition is untimely under state law, then it is not "properly filed" within the meaning of § 2244(d)(2) for purposes of

statutory tolling). Moreover, the continued pendency of the instant federal proceeding would not toll the running of the statute. *See Duncan v. Walker*, 533 U.S. 167 (2001) (only state proceedings toll the statute).

Thus, it appears that any claims added in the future would be barred by the habeas statute of limitations. Thus, regardless of any facial merit of any such new claims, they appear to be unlikely to be successful before this Court.

Therefore, whether determined under the "plainly meritless" standard of *Rhines* or the discretionary standard under *Kelly*, Petitioner has failed to support his request for a stay by showing the potential merit of his new claims.

<u>Denial Without Prejudice</u> – Respondents have not been heard from on the existing Petition. Moreover, without a response from Respondents, Petitioner has had little opportunity to address the kinds of opposition raised in the instant Report & Recommendation. Consequently, the undersigned will recommend that the instant motion be denied without prejudice to the filing of a properly fleshed out and supported motion, showing the nature of claims to be exhausted and then added, and the reasons why Petitioner believes they would not be barred by the habeas statute of limitations.

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion to Stay Writ of Habeas Corpus, filed March 28, 2012 (Doc. 12) be **DENIED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

5

*of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: May 1, 2012

_____
James F. Metcalf
United States Magistrate Judge

11-1769r RR 12 04 30 on MStay HC.docx