**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Caine Gaddis,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-11-1769-PHX-PGR (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 21, 2011 (Doc. 6).  On June 11, 2012, Respondents filed their Answer (Doc. 18).   Petitioner has not filed a reply.

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. §  636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Petitioner, while an inmate in the Arizona Department of Corrections, laundered money from a prison gang through his wife.  (Exhibit M, Presentence Investigation.) (Exhibits to the Answer, Doc. 18, are referenced herein as "Exhibit ___.")

//

//

1

**B. PROCEEDINGS AT TRIAL**

Petitioner, his wife, and two other co-defendants were indicted in the Maricopa County Superior Court on February 2, 2010, on charges of conspiracy to participate in a criminal street gang, and conspiracy to commit money laundering, in the time period September 29, 2008 through September 14, 2009. The other co-defendants, Herrera and Gomez (a former ADOC officer), were also indicted on charges of conspiracy to promote prison contraband. (Exhibit A, Indictment; Exhibit M, Present. Invest. at 1.) The state filed allegations of aggravating circumstances (Exhibit C) and historical priors (Exhibit D).

On September 2, 2010, Petitioner entered into a written Plea Agreement (Exhibit E), concurred with by defense counsel, wherein Petitioner agreed to plead guilty to one count of conspiracy to commit money laundering, committed on May 8, 2009. The agreement provided for a stipulated 8 year prison term, consecutive to his pre-existing sentence, and dismissal of the remaining counts, historical priors, aggravating circumstance allegations, and a commitment to pursue no further charges arising out of the investigation. The agreement also provided that it "serve[d] to amend the complaint, indictment, or information, to charge the offense to which the Defendant pleads." (*Id.* at 2.) The agreement provided that the "offer expires and is revoked if not entered in court by June 11, 2010." (*Id.* at 1.)

Petitioner appeared with counsel on September 2, 2010, and entered his plea of guilty pursuant to the Plea Agreement. The plea was accepted. (Exhibit F, M.E. 9/2/10.)

On November 9, 2010, Petitioner appeared for sentencing. He moved to waive counsel and proceed *pro per*, which was granted. Petitioner moved to withdraw from the plea agreement (Exhibit N), and the motion was denied. Petitioner was sentenced to an 8 year prison term, consecutive to the pre-existing sentence. The remaining charges were dismissed. (Exhibit G, Sentence, 11/9/10.)

/ /

/ /

## C. PROCEEDINGS ON DIRECT APPEAL

Although Petitioner asserts in his Amended Petition that he filed a direct appeal (Doc. 6 at 2), the date of decision he references (May 2, 2011) is the date of the denial of his first PCR petition by the PCR court. (*See* Exhibit I, M.E. 5/2/11.) Respondents assert that Petitioner did not file a direct appeal. Petitioner has not replied to that allegation. "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. The undersigned finds no basis to not accept the Answer's allegations on this issue, and thus finds that Petitioner did not file a direct appeal.

## D. PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** – Petitioner commenced his first PCR proceeding by filing his Notice of Post-Conviction Relief on March 31, 2011 (Exhibit H). Petitioner argued in his Notice that:

(1) (A) the plea agreement had expired: (B) the plea agreement improperly stated the offense was repetitive; (C) his sentencing was delayed beyond the time permitted by statute;

(2) the prosecutor violated the Arizona Rules of Professional Conduct;

(3) the prosecutor failed to disclose information in his possession;

(4) his motion to withdraw from the plea agreement was improperly denied;

(5) the indictment was incorrect or improper;

(6) the grand jury transcripts were wrong;

(7) there was a lack of jurisdiction;

(8) ineffective assistance of counsel; and

(9) trial counsel talked to him and then "went to prosecution."

Petitioner did not reference any violation of federal law or the federal constitution, or any other authority in support of his claims.

On May 2, 2011, the PCR court summarily dismissed the proceeding, finding that the claims asserted were untimely. The PCR court also found that Petitioner's summary allegations did not comply with the requirements of Rule 32 that a Petitioner assert "substantive grounds which bring him within the provisions of the Rule." (Exhibit I, M.E. 5/2/11 at 2.)

Petitioner did not seek review of that Order, but instead commenced the instant proceeding by filing his original Petition (Doc. 1) on September 7, 2011.

**Second PCR Proceeding** – On March 28, 2012, during the pendency of this proceeding, Petitioner filed with the trial court a "Motion to Confirm Ruling on All PCRs, Motion for Reconsideration and Petition for Review" (Exhibit J). He coupled with it a Notice of Post-Conviction Relief, raising a variety of claims not raised herein, and asserting that he would be submitting a separate petition asserting "U.S. Constitutional violations." (*Id.* at 3.)

On April 4, 2012, the PCR court summarily dismissed the proceeding, finding that his claims were untimely and improperly raised in a "successive notice of post-conviction relief." The PCR court noted that Petitioner asserted newly discovered facts that he intended to present in his petition, but concluded that such evidence was required to be set forth in the PCR notice. (Exhibit L, M.E. 4/4/12.)

On April 18, 2012, the PCR court denied the remaining motions. (Exhibit K, M.E. 4/18/12.)

Neither party reports any further state court proceedings, and thus the undersigned finds that none have occurred.

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 7, 2011 (Doc.1). That Petition was dismissed with leave to amend for failing to identify any federal constitutional violations. (Order 12/8/11, Doc. 5.)

On December 21, 2011, Petitioner filed his First Amended Petition (Doc. 6). Petitioner's Petition asserts the following four grounds for relief:

(1) his Fifth and Sixth Amendment rights were violated where the plea agreement was accepted after it had expired and was factually inaccurate;

(2) his Fifth and Sixth Amendment rights were violated due to the ineffective assistance of counsel and Petitioner's acceptance of the plea agreement was unknowing and/or unintelligent;

(3) Arizona lacked jurisdiction where the crime was committed in Colorado in violation of Article III of the Constitution and the Sixth Amendment;

(4) he received the ineffective assistance of counsel based on counsel's failure to inform Petitioner of a discrepancy in the plea agreement and that the Arizona court lacked jurisdiction.

**Response** - On June 11, 2012, Respondents filed their Answer (Doc. 18). Respondents argue that Petitioner's state remedies on his federal claims were not properly exhausted, and are now procedurally defaulted. In addition, Respondents address the merits of the claims.

**Reply** – The Service Order provided that "Petitioner may file a reply within 30 days from the date of service of the answer." (Order 2/28/12, Doc. 8 at 3.) Petitioner has not done so, and the time allotted has expired.

**Motion to Stay** - In the interim, on March 28, 2012, Petitioner filed a Motion to Stay (Doc. 12), seeking a stay of consideration of his habeas petition, arguing that "there are many more issues that need to be addressed" but noting his obligation to first exhaust his state remedies on those claims. On May 1, 2012, the undersigned filed a Report and Recommendation (Doc. 16) recommending the denial of that motion. Petitioner has not filed any objection to that Report & Recommendation. The Court has not yet ruled on the Report & Recommendation.

//

//

### III. APPLICATION OF LAW TO FACTS

**A. EXHAUSTION & PROCEDURAL DEFAULT**

Respondents argue that Petitioner has failed to properly exhaust, and now has procedurally defaulted, his state remedies on his claims.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Here, Petitioner has never filed any appeal, petition for review, or other application with the Arizona Court of Appeals challenging the instant conviction or sentence. Accordingly, his state remedies on any claims he might raise in the instant proceeding are not properly exhausted.

The undersigned notes that Petitioner has raised the facts of his current claims to

the PCR Court in his first PCR proceeding. However, Petitioner made no reference to any federal law. To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state court if the petitioner has described both the operative facts **and** the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

Had Petitioner presented his federal claims to the PCR court, the undersigned would likely be compelled to conclude that his claims were subjected to an independent and adequate state bar because they were dismissed as untimely. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

Similarly, Petitioner's recent attempts in his second PCR proceeding to raise unspecified due process violations and "U.S. Constitutional Violations," if deemed to extend to the instant claims, would likely result in a finding of procedural bar.

However, the undersigned finds that Petitioner has never fairly presented his federal claims in the instant Petition to the state courts, and certainly not to the Arizona Court of Appeals. Accordingly, the undersigned concludes that Petitioner's state remedies were not properly exhausted.

### 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to

properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P. 32.4. (Answer, Doc. 18 at 9.)

**<u>Remedies by Direct Appeal</u>** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims. Moreover, as a pleading defendant, Petitioner had no right of direct appeal. *See Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007); and Ariz.R.Crim.P. 17.1(e) and 27.8(e).)

**<u>Remedies by Post-Conviction Relief</u>** - Petitioner can no longer seek review by a subsequent PCR Petition.

<u>Waiver Bar</u> - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant

personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[1]   None of Petitioner's unexhausted claims fit within those categories.

      <u>Timeliness Bar</u> - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

      <u>Exceptions</u> - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h).  *See* Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:

---

[1] Some other types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller,*  2008 WL 2651659 (App. 2008).

>   (1) The newly discovered material facts were discovered after the trial.
>   (2) The defendant exercised due diligence in securing the newly discovered material facts.
>   (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>   f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>   g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>   h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his unexhausted claims. Petitioner has presented no facts to suggest that Paragraph (f) would apply. Moreover, Petitioner's defaults are not merely untimeliness, but also his failure to present his federal claims in earlier proceedings. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims are all now procedurally defaulted.

/ /

/ /

### 3. Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not proffer any good cause to excuse his failures to exhaust and procedural bars. The undersigned finds none.

**Prejudice** -   Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Petitioner makes no claim of his actual innocence, and the undersigned finds no basis to conclude that Petitioner was actually innocent.

## B. MERITS

Because the undersigned finds Petitioner's claims clearly procedurally defaulted, the merits of the claims are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's First Amended Petition for Writ of Habeas Corpus, filed December 21, 2011 (Doc. 6) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 7, 2012

11-1769r RR 12 09 06 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge